**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

:

**Plaintiff,**

**Case No. 2:26-cr-122(1)–(8)**

**v.**

**Chief Judge Sarah D. Morrison**

**TOYA LYNN BROWN, *et al.*,**

:

**Defendants.**

**OPINION AND ORDER**

This matter comes before the Court for consideration of the Amended Defense Motion to Continue Trial Date filed by Defendants Chrisshauna Dean and Jasalyn Moffitt (ECF No. 70).[1] The jury trial is currently scheduled for October 13, 2026. (ECF No. 57.)

Defendants seek a continuance of the trial date and associated pretrial deadlines. (ECF No. 70, PAGEID # 262.) Defendants argue that a continuance is warranted because the "volume of discovery, the number of defendants, the nature of the charges, and the multi-year period encompassed by the allegations make clear that meaningful review of the evidence will require substantial time." (*Id.*, PAGEID # 264.) Defendants maintain that "additional time is necessary to permit counsel to fulfill their constitutional and professional obligations, complete a meaningful review of the substantial discovery, investigate the allegations

[1] Given the submission of an amended filing, Defendants' original Motion to Continue (ECF No. 69) is **DENIED as moot**.

independently, confer adequately with their clients, evaluate potential motions and defenses, and prepare effectively for trial." (*Id.*, PAGEID ## 265–66.) Defendants represent that neither the Government nor the other Defendants who have appeared oppose the continuance. (*Id.*, PAGEID # 262.) Defendants further represent that they and the other Defendants expressly and voluntarily waive their individual rights to a speedy trial. (*Id.*, PAGEID # 266.)

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial … shall commence within seventy days' after the arraignment, 18 U.S.C. § 3161(c)(l), but lists a number of exclusions from the 70-day period[.]" *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendants' Motion is well taken. The Court will set a trial date outside the Speedy Trial Act's 70-day rule because "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the Court sets forth the following findings:

1. The Court is available to try this case on October 13, 2026, at 9:00 a.m.

2. The failure to grant a continuance would deny Defense Counsel time necessary for effective preparations, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

4. Pursuant to 18 U.S.C. § 3161(h)(6), which allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," this time is excludable for all co-defendants in this case. *See United States v. Flemming*, 658 F. App'x 777, 785–86 (6th Cir. 2016) (holding that delay-orders granted due to some co-defendants being unavailable for trial were excludable as to all other co-defendants because their time for trial had not run and they had not been severed).

Given these enumerated findings, the Court **GRANTS** Defendants' Amended Motion to Continue (ECF No. 70). The Court hereby **VACATES** the trial date and all corresponding pre-trial deadlines.

Counsel for the Government and counsel for all Defendants **SHALL** attend an **in-person** status conference on **October 1, 2026, at 1:00 p.m. in Courtroom 132**. The parties should come prepared to discuss the upcoming trial schedule and the extent to which this case should be deemed complex.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**